UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RAYMOND LAMONT LESTER,

    Plaintiff,

v.

COLLIN CASTLEBERRY, JERMY POWERS, ADRYAN ROBINSON, J. MICHAEL GETNER,

    Defendants.

Case No. 24-11785
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

## ORDER ADOPTING REPORT AND RECOMMENDATION [13] AND DISMISSING CASE

Plaintiff Donald Lester filed this *pro se* prisoner complaint on July 10, 2024. (ECF No. 1). He was informed of his responsibility to notify the Court of address changes. (ECF No. 3). That notice warned that failure to do so would result in dismissal of his case. (*Id.*) Despite this, Lester failed to provide the Court with his correct address. Four orders that the Court mailed to Lester were returned as undeliverable, and the returned envelopes noted that Plaintiff was no longer at the address on file. (*See* ECF Nos. 9, 10.)

All pretrial matters in this case were referred to Magistrate Judge Curtis Ivy, Jr. (ECF No. 8.) On September 6, 2024, Judge Ivy issued a show cause order instructing Lester to explain why the Court should not dismiss his case for failure to keep his address updated and to prosecute his case under Federal Rule of Civil Procedure 41(b). (ECF No. 11.) Lester had until September 24 to respond to the order.

(*Id.*) But he did not, and the order was returned as undeliverable. (ECF No. 12.) So Judge Ivy issued a Report and Recommendation to dismiss this case because Lester has failed to prosecute it. (ECF No. 13.) That, too, was returned as undeliverable. (ECF No. 14.)

At the conclusion of his Report and Recommendation, Judge Ivy notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 13, PageID.55–56.) Since Lester was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies, so Lester's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Lester may have mailed, it has now been over 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving

2

review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

Moreover, even if Lester did not receive the Report and Recommendation because it was returned as undeliverable, this does not excuse his failure to respond. It is Lester's responsibility to provide the Court with his current address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). And Lester was notified of this obligation at the start of his case. (ECF No. 3.)[1]

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 13.) It follows that this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: November 7, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

---

[1] This order was not returned as undeliverable, so it appears Lester received this order.

3